FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN EZEKEIL MORTIS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV 07-7204-ABC (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

　　　IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 4/3/08

　　　　　　　　　　　　　　　　　　AUDREY B. COLLINS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EZEKEIL MORTIS,<br><br>Petitioner,<br><br>v.<br><br>UNITES STATES OF AMERICA,<br><br>Respondents. | NO. CV 07-7204-ABC (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Audrey B. Collins, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

According to the Petition, Petitioner entered a guilty plea and was sentenced by the state trial court on April 27, 1998. (Petition at 2.[1]) The sentence was 5 years to be served at 85%. (*Id.*) Petitioner did not appeal. (*Id.*) The Petition does not indicate any habeas petitions filed in state court. Accordingly, Petitioner was released from state prison no later than 2003.

In 2007, Petitioner was convicted in federal court in the Central District of California (*United States v. Mortis*, CR 07-00027 R), for violation of 8 U.S.C. § 1326(a), (b)(2). (*Id.* at 5.) Petitioner is currently serving his sentence in federal prison at Big Spring Correctional Institution in Texas. (*Id.* at 1, 5.)

On October 16, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 in the Southern District of California. The Motion, however, challenged Petitioner's conviction in Los Angeles Superior Court on April 27, 1998. (*Id.* at 2, 6-7.) On November 2, 2007, the court issued an Order Construing Petition as 28 U.S.C. § 2254 and Transferring Action to United States District Court for the Central District of California, Western Division. The order construed the Motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a state court conviction. The action was transferred to the Central District of California.

On November 13, 2007, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed. The Order to Show Cause explained that it appeared: (1) the court does not have subject matter jurisdiction over this action because Petitioner is not "in custody" pursuant to the conviction and sentence under attack; and (2) the one-year statute of limitations has expired.

---

[1] For ease of reference, the Court has numbered the pages of the Petition consecutively.

2

The Court ordered Petitioner to show cause why this Court should not recommend dismissal with prejudice based on lack of subject matter jurisdiction and expiration of the one-year statute of limitations.

On January 22, 2008, Petitioner filed a Response to the Order to Show Cause ("Response"). The Response explains that Petitioner entered the United States illegally after deportation in 2003 in order to save his three children in the course of family law proceedings in California. (Response at 1-4.) Petitioner also apologizes for any delay in contacting the Court about his state court conviction. (*Id.* at 1.)

This matter was taken under submission and is now ready for decision.

## II.

## DISCUSSION

### A. The "In Custody" Requirement

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody" under the conviction or sentence under attack at the time the petition for writ of habeas corpus is filed. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir.), *cert. denied sub. nom. Resendiz v. Hodgson*, 546 U.S. 1043 (2005).

A habeas petitioner does not remain "in custody" under a state conviction after the sentence imposed for it has fully expired. *Maleng*, 490 U.S. at 492. This is true even though there is a possibility that the prior conviction will be used to

///

enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id.*

The Petition indicates that Petitioner's state sentence in 1998 expired no later than 2003. (*See* Petition at 2.) Petitioner's Response confirms that he was deported in 2003. (Response at 1.) The Response does not indicate that Petitioner is currently on probation or supervised release, or subject to any restraint pursuant to his state conviction.[2]

### B. Statute of Limitations

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

Based on the record before the court, Petitioner was convicted on April 27, 1998. Petitioner's state court conviction became final 60 days later on June 26, 1998. California Rules of Court 30.1(a), (d). To the extent the Petition is based on ineffective assistance of counsel, under § 2244(d)(1)(D), the limitations period begins on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later). *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Here, the ineffective assistance of counsel claims are based upon conduct known to Petitioner on or before the date of state conviction and

---

[2] The Petition does not indicate that Petitioner is challenging his federal sentence. To the extent that Petitioner seeks to challenge his current federal sentence based on his allegedly unconstitutional prior state conviction for which he is no longer in custody, such relief generally is not available to a federal prisoner through a motion pursuant to 28 U.S.C. § 2255. *Daniels v. United States*, 532 U.S. 374, 376, 381-82, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001); *see also Johnson v. United States*, 544 U.S. 295, 304, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (reiterating *Daniels*).

sentence. (Petition at 6-7.) Therefore, the statute of limitations began running no later than the date his conviction became final, June 26, 1998.

Accordingly, the one-year statute of limitations expired no later than June 26, 1999. Petitioner signed his federal habeas petition on September 25, 2007. (Petition at 8.) Therefore, the Petition is time-barred unless the statute of limitations was tolled.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Neither the Petition nor the Response indicate that Petitioner has ever filed a state habeas petition. Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[3]

### 2. Equitable Tolling

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence*, 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling. The Response states that Petitioner was ignorant of his right to pursue habeas corpus

---

[3] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

5

relief. (Response at 3-4.) However, Petitioner is not entitled to equitable tolling because of his ignorance of the law. See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: January 25, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.